**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

NAZIM YILDIRAN (A No. 245-016-095),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-07758-JLT-SAB

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 3, 4)

## I. INTRODUCTION

Before the Court is Nazim Yildiran's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a legal position that this Court has rejected repeatedly. (Doc. 10 at 1.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents do not request a hearing or

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is from Turkey. (Doc. 1 at 4.) On May 12, 2023, Petitioner immigrated to the United States, where he was encountered by federal immigration authorities. (Doc. 10 at 5.) Petitioner was then released into the interior of the country. (*See id*. at 4, 5.) On August 29, 2023, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 5, 10.) Petitioner subsequently submitted an I-589 application for asylum, which remains pending, and an I-765 application for work authorization which was approved. (*Id*. at 5; *see* Doc. 1 at 5.) Petitioner is not currently subject to an order of removal.[2] (Doc. 1 at 5.) Petitioner has no criminal history. (*Id*.; Doc. 10 at 5.)

On August 4, 2026, deportation officers were assigned to locate Petitioner at his last known address. (Doc. 10 at 4.) That day, deportation officers located Petitioner and arrested him pursuant to an I-200 administrative warrant for "immigration violations." (*Id*. at 4, 8.) At that time, deportation officers also issued a notice of custody determination. (*Id*. at 7.) Petitioner was subsequently transferred to the Golden State Annex Detention Facility in McFarland, California,

---

additional briefing and do not oppose the Court ruling on the underlying habeas petition. (Doc. 10 at 1.) Petitioner did not file a reply. As such, the Court decides this case on the underlying habeas petition on the present record.

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's removal proceedings are ongoing with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 2, 2026).

where he remains. (Doc. 1 at 2.) On September 11, 2026, Petitioner requested a custody redetermination hearing before an Immigration Judge pursuant to 8 C.F.R. § 1236, but the immigration court indicated it lacked jurisdiction to consider bond and thus, Petitioner withdrew his request. (Doc. 10 at 14.)

## IV. DISCUSSION

Petitioner claims that his ongoing detention violates the Fifth Amendment Due Process Clause. (Doc. 1 at 16–17.) Respondents argue that as an applicant for admission under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is mandatory. (*See* Doc. 10 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3. The motion to appoint counsel (Doc. 3) is **DENIED**.[3]

[3] Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C.

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 2, 2026

UNITED STATES DISTRICT JUDGE

---

§ 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, the Court grants habeas relief and orders Petitioner's immediate release. Accordingly, the interests of justice do not require appointment of counsel.

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.